UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

DANELLE B.,[1]

        Plaintiff,

v.

COMMISSIONER, Social Security Administration,

        Defendant.

Case No. 6:20-cv-02230-MK

**OPINION AND ORDER**

_____

**KASUBHAI**, United States Magistrate Judge:

    Plaintiff Danelle B. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income ("SSI") and disability insurance benefits ("DIB") under the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 11. For the reasons that follow, the Commissioner's decision is REVERSED and this case is REMANDED for an immediate payment of benefits.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

Page 1 — OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff filed her application for DIB in August 2018 and filed her application for SSI in January 2019, with an amended alleged disability onset date of August 6, 2017. Tr. 31, 82, 257, 259.[2] Her claim was denied initially and upon reconsideration. Tr. 113–80. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in March 2020. Tr. 202–03; Tr. 79–112. On March 27, 2020, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 28–42. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Tr. 1–7. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 35 years old on the amended alleged onset date. Tr. 40, 115. She graduated college and has past relevant work as an EMT, mental health retardation aid, personal trainer, and orthopedic assistant. Tr. 40; *see* Tr. 302–03. Plaintiff alleges disability due to: uncontrolled epilepsy; uncontrolled conversion disorder seizures; uncontrolled psychogenic non-epileptic seizures; bilateral shoulder rotator cuff tears; tendon injury with limited movement issue in the left hand; premenstrual dysphoric disorder ("PMDD"); memory issues; and arthritis in the left knee, right ankle, and left ankle. Tr. 116.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

---

[2] "Tr." citations are to the Administrative Record at ECF No. 9.

Page 2 — OPINION AND ORDER

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner]

Page 3 — OPINION AND ORDER

acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), which is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations her impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since the amended alleged onset date. Tr. 33. At step two, the ALJ found Plaintiff had the following severe impairments: psychogenic non-epileptic seizure disorder, left shoulder impingement syndrome, bipolar disorder, anxiety disorder, and posttraumatic stress disorder. *Id.* At step three, the ALJ found Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 34. Before proceeding to the fourth step, the ALJ assessed Plaintiff's RFC. The ALJ found Plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the following limitations:

> [T]he claimant can occasionally reach overhead with the right upper extremity and can frequently reach in all other directions with the right upper extremity. The claimant should avoid working at unprotected heights or around moving mechanical parts. She should not be required to operate a motor vehicle. The ability to understand, remember and carry out instructions is limited [to] simple, routine tasks, with a reasoning level of 2 or less. Her ability to use judgment in the workplace is limited to simple, work related decisions. Her ability to deal with changes in the workplace is limited to simple, work related decisions. She is limited to occasional interaction with supervisors, coworkers and the public. The claimant's time off task can be accommodate [sic] by usual breaks.

Tr. 35–36.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 40. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite her impairments. Tr. 41. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 42.

## DISCUSSION

Plaintiff contends that the ALJ erred by: (1) improperly rejecting Plaintiff's subjective symptom testimony; (2) failing to provide legally sufficient reasons to discount the medical opinion of her treating mental health provider, Jacqueline Martin, QMHP; (3) failing to evaluate lay witness testimony from Plaintiff's husband, mother, father, and former co-worker; and (4) improperly rejecting the medical opinions of Dr. Ju and Dr. South. Pl.'s Opening. Br. 2, ECF No. 10 ("Pl.'s Br."). The Commissioner concedes these errors were harmful, but nevertheless contends that the appropriate remedy is to remand this case to the ALJ for additional proceedings "because there are outstanding factual issues that bear review by an [ALJ]." Def.'s Br. Mot. to Remand 1, ECF No. 15 ("Def.'s Br.").

///

I.    **Summary of Erroneously Rejected Evidence**

    A.    **Plaintiff's Subjective Symptom Testimony**

Plaintiff reports that she has near-daily seizures that occur at unpredictable times and leave Plaintiff dysfunctional for a period of twenty to thirty minutes to an hour or longer. Tr. 88–102.

    B.    **Opinion of Jacqueline Martin, QMHP**

Jacqueline Martin, QMHP, Plaintiff's treating provider, conducted at least thirty-three individual psychotherapy sessions with Plaintiff between June 2018 and January 2020. *See* Tr. 40, 704, 706, 708, 710, 712, 714, 716, 718, 720, 722, 726, 730, 732, 734, 736, 860, 868, 880, 886, 890, 1045, 1047, 1049, 1051, 1057, 1085–88, 1100, 1102, 1104, 1106, 1108, 1110, 1112, 1114. Ms. Martin also provided a mental residual functional capacity assessment where she assessed the degree of Plaintiff's limitations across several categories using a scale ascending in severity from "Mild" to "Moderate" to "Moderately Severe" to "Severe." Tr. 1085–88. In her assessment, Ms. Martin found Plaintiff has severe limitations in all four areas of mental functioning. *Id.* In her comments, QMHP Martin stated that Plaintiff's physical health makes it extremely difficult for her to maintain employment due to the uncertainty and amount of time she is affected by it. Tr. 1088.

    C.    **Lay Witness Testimony**

Plaintiff's husband, mother, father, and former co-worker completed respective witness statements. The lay witness testimony describes Plaintiff's frequent seizures, her poor memory and confusion, the incontinence that sometimes accompanies her seizures, and Plaintiff's social phobia and isolation that have resulted from her seizure disorder. Tr. 400–04.

    D.    **Opinions of Dr. Winifred C. Ju, Ph.D. and Dr. Susan M. South, Psy.D.**

Dr. Winifred C. Ju, Ph.D., non-examining state agency psychological consultant at the initial level, and Dr. Susan M. South, Psy.D., non-examining state agency psychological consultant at the reconsideration level, found that the claimant had no cognitive limitations but

was limited to carrying out simple routine tasks and familiar detailed tasks. Tr. 129–42, 163–80. The doctors also found that Plaintiff was limited to no more than indirect, fleeting public contact and she is limited to a very predictable, low hazard work setting. Tr. 139–40, 177–78.

As noted, the Commissioner concedes the ALJ failed to supply legally sufficient reasons for rejecting this evidence.

## II.     Remedy

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an immediate award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even where all the requisites are met, however, a court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F3d at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks omitted)). Additionally, the Ninth Circuit has refused to remand for a finding of disability where

Page 7 — OPINION AND ORDER

the record contained conflicting medical opinions about a claimant's limitations. *Id.* at 409. Therefore, "[u]nless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Id.* at 407.

The Commissioner concedes that the first prong of the "three-part credit-as-true" analysis is satisfied. Def's. Br. 3. However, with respect to the second prong, the Commissioner argues that further administrative proceedings are required because outstanding issues remain. Def.'s Br. 3–4. Specifically, the Commissioner cites to multiple treating neurologists "who expressed doubt as to whether Plaintiff's reported seizures were truly epileptic in origin." Def.'s Br. 4 (citing Tr. 37, 38, 933, 966, 1124, 1147, 1154).

An independent review of those records, however, reveals no meaningful ambiguities. Although there may have been some confusion regarding the etiology of Plaintiff's seizures, the providers did not "express doubt" as to whether she was in fact experiencing seizures. *See, e.g.*, Tr. 966 ("She has been diagnosed both with generalized convulsive epilepsy and also with nonepileptic seizures. We are not certain what she has."). The ALJ's own decision expressly found that Plaintiff suffered from "psychogenic non-epileptic seizure disorder." Tr. 33. Accordingly, the medical records relied upon by the Commissioner are not sufficient to manufacture a meaningful ambiguity at the second prong of the credit-as-true analysis.

This case is also distinguishable from *Dominguez*, which the Commissioner argues applies. There, the Ninth Circuit found the record contained sufficient factual ambiguity to warrant remanding for further proceedings at the second prong where "[n]ot only was the treating physician's opinion contradicted by three other physicians, it was contradicted by the treating physician's own notes. *Trnavsky v. Colvin*, 636 Fed. App'x 390, 393 (9th Cir. 2016) (citing *Dominguez*, 808 F.3d at 408). Here, by contrast, the Commissioner has not directed the Court to medical opinions that conflict with QMHP Martin's opinion. Nor has the Commissioner identified

Page 8 — OPINION AND ORDER

internal inconsistencies within the opinion that was based on over thirty individual psychotherapy sessions.

As to the third prong, if the discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. QMHP Martin opined that Plaintiff has limitations in seventeen discreet mental functions that would cause Plaintiff to be off task more than ten percent of normal workdays and workweeks. *Compare* Tr. 1085 (defining "Moderately." "Moderately Severe," and "Severe" as being "off task" in excess of 10% of the time), *with* Tr. 1086–88 (finding that Plaintiff was "Moderately Severe" or "Severe" in seventeen out of twenty evaluative categories). The vocational expert testified that a person off task ten or more percent of the workday could not maintain employment. Tr. 108. Thus, Plaintiff satisfies the third prong.

If a court concludes, as in this case, that a claimant meets the three criteria of the credit-as-true standard, the improperly discredited evidence is credited as true and remand for an award of benefits is appropriate unless "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled with the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1020–21 (citations omitted). Considering the record as a whole, the Court finds that there is no reason for serious doubt as to whether Plaintiff is disabled. *See id.* at 1021; *see also Revels v. Berryhill*, 874 F.3d 648, 668 n.8 (9th Cir. 2017) (explaining that where each of the credit-as-true factors is met, only in "rare instances" does the record as a whole leave "serious doubt as to whether the claimant is actually disabled") (citing *Garrison*, 759 F.3d at 1021).[3] Thus, the Court exercises its discretion and credits the erroneously discredited evidence as true and remands this case for an immediate calculation and payment of benefits.

---

[3] The Commissioner's reliance on the records submitted to the Appeals Council is misplaced. Those records do not cast serious doubt that Plaintiff is disabled. To the contrary, the records reveal that Plaintiff's seizures remain an ongoing issue. *See* Tr. 9–15.

Page 9 — OPINION AND ORDER

## CONCLUSION

For the reasons above, the Commissioner's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 22nd day of March 2022.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
